UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:19-cv-50140 ) ) |
| JOSE A. BARCENAS, individually, and BAY VALLEY FOODS, LLC, | ) ) ) **JURY DEMANDED** |
| Defendants. | ) ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, by and through his attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for his Complaint against the Defendants, JOSE A. BARCENAS, individually, and BAY VALLEY FOODS, LLC, states as follows:

**Preliminary Statement**

1. This is an action for the wrongful death of Paul Carroll arising from a personal injury accident occurring on December 21, 2017, in Rochelle, IL.

**Parties**

2. Christopher Carroll is an individual residing in Pennsylvania.

3. Paul Carroll ("Carroll") previously resided in Montgomery Village, MD.

4. Jose A. Barcenas ("Barcenas") is/was residing in Fort Smith, AR, at the time of the incident.

5. Bay Valley Foods, LLC ("Bay Valley Foods") is located in Pecatonica, IL.

**Jurisdiction**

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), as this Complaint is predicated on a civil action where the matter of controversy exceeds $75,000.00 and is between citizens of different States.

**Venue**

7. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Allegations Common to All Counts**

8. Carroll was previously employed as a security guard with Huffmaster Crisis Response as of December 21, 2017.

9. Barcenas was employed by Bay Valley Foods as of December 21, 2017.

10. On December 21, 2017, Carroll was performing duties as a security guard at the Ryder facility, located at 975 S. Caron Road, Rochelle, IL 61068.

11. As a part of his job duties, Carroll was to check in employees/drivers entering and existing the facility at the eastern front gate area.

12. At approximately 2:00 a.m., Barcenas was driving a truck, namely a Penske tractor with a tanker trailer, as part of his employment duties for Bay Valley Foods.

13. Barcenas approached the east front gate in his truck and pulled through the gate.

14. Carroll and another security guard, David Coleman ("Coleman"), exited the vehicle they were in and approached the driver's side of the truck.

15. Barcenas produced paperwork to Carroll and Coleman, at which time they both proceeded to walk back to their vehicle.

16. While walking back to their vehicle, Coleman heard Carroll make a groaning sound, and turned around to see the rear driver's side tire of the tanker trailer roll over Carroll's head.

17. Coleman yelled at Barcenas to stop, and subsequently call 911.

18. Barcenas advised police that he saw Carroll walk to his car, at which time he swung his truck out wide and turned left.

19. Barcenas stated he heard someone yelling, stopped his vehicle, and observed Carroll on the ground.

20. Carroll was eventually pronounced deceased at the scene of the incident, and Christopher Carroll was appointed as special administrator of his estate.

### Count I – Wrongful Death (Jose A. Barcenas)

21. Plaintiff restates and re-alleges paragraph one through twenty of this Complaint as if fully restated herein.

22. That this action is being brought for the wrongful death of Paul Carroll, deceased, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1.

23. It was the duty of the Defendant, Jose A. Barcenas, to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to the Plaintiff's decedent.

24. That in violation of said duty, the Defendant then and there committed one more of the following careless and/or negligent acts and/or omissions:

    a. Operated said motor vehicle without keeping a proper and sufficient lookout;

    b. Failed to decrease speed when special hazards existed by reason or pedestrians;

    c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

    d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

    e. Failed to stop or slow down said vehicle or otherwise take evasive action to avoid collision;

    f. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

    g. Was otherwise careless or negligent.

25. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, the Defendant struck Plaintiff's decedent, causing the death of Paul Carroll.

26. The decedent left surviving his son, Christopher Carroll, who has suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, prays for judgment against the Defendant, JOSE A. BARCENAS, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

### Count II – Survival Action (Jose A. Barcenas)

21. Plaintiff restates and re-alleges paragraph one through twenty of this Complaint as if fully restated herein.

22. It was the duty of the Defendant, Jose A. Barcenas, to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to the Plaintiff's decedent.

23. That in violation of said duty, the Defendant then and there committed one more of the following careless and/or negligent acts and/or omissions:

   a. Operated said motor vehicle without keeping a proper and sufficient lookout;

   b. Failed to decrease speed when special hazards existed by reason or pedestrians;

   c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

   d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

   e. Failed to stop or slow down said vehicle or otherwise take evasive action to avoid collision;

   f. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

   g. Was otherwise careless or negligent.

24. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, the Defendant struck Plaintiff's decedent, causing the death of Paul Carroll.

25. That prior to his death and as a result of the aforementioned careless and/or negligent acts and/or omissions, the decedent suffered serious personal injuries, including but not limited to, great pain and suffering before his death, subjecting the Defendant to liability pursuant to 755 ILCs 5/27-6, the Illinois Survival Statute.

26. The decedent left surviving his son, Christopher Carroll, who has suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, prays for judgment against the Defendant, JOSE A.

5

BARCENAS, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

### Count III – Wrongful Death (Bay Valley Foods, LLC)

21. Plaintiff restates and re-alleges paragraph one through twenty of this Complaint as if fully restated herein.

22. That at the time of this incident, Jose A. Barcenas was acting as an agent/servant/employee of the Defendant, Bay Valley Foods, and it was the duty of Jose A. Barcenas to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to the Plaintiff's decedent.

23. That in violation of said duty, the Defendant, by and through its agent/servant/employee, Jose A. Barcenas, then and there committed one more of the following careless and/or negligent acts and/or omissions:

   a. Operated said motor vehicle without keeping a proper and sufficient lookout;

   b. Failed to decrease speed when special hazards existed by reason or pedestrians;

   c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

   d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

   e. Failed to stop or slow down said vehicle or otherwise take evasive action to avoid collision;

   f. Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

   g. Was otherwise careless or negligent.

24. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, the Defendant struck Plaintiff's decedent, causing the death of Paul Carroll.

25. The decedent left surviving his son, Christopher Carroll, who has suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, prays for judgment against the Defendant, JOSE A. BARCENAS, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

### Count IV – Survival Action (Bay Valley Foods, LLC)

21. Plaintiff restates and re-alleges paragraph one through twenty of this Complaint as if fully restated herein.

22. That at the time of this incident, Jose A. Barcenas was acting as an agent/servant/employee of the Defendant, Bay Valley Foods, and it was the duty of Jose A. Barcenas to exercise ordinary and reasonable care and caution in the operation of his truck so as to not cause injury or death to the Plaintiff's decedent.

23. That in violation of said duty, the Defendant, by and through its agent/servant/employee, Jose A. Barcenas, then and there committed one more of the following careless and/or negligent acts and/or omissions:

   a. Operated said motor vehicle without keeping a proper and sufficient lookout;

   b. Failed to decrease speed when special hazards existed by reason or pedestrians;

   c. Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of his/her vehicle;

   d. Failed to give an audible warning with his horn when such warning was reasonably necessary to ensure safety;

   e. Failed to stop or slow down said vehicle or otherwise take evasive action to avoid collision;

7

&#x20;   f.   Improperly operated, managed, maintained, and/or controlled said vehicle; and/or

&#x20;   g.   Was otherwise careless or negligent.

24. That as a direct and proximate result of one or more of the aforementioned careless and/or negligent acts and/or omissions, the Defendant struck Plaintiff's decedent, causing the death of Paul Carroll.

25. That prior to his death and as a result of the aforementioned careless and/or negligent acts and/or omissions, the decedent suffered serious personal injuries, including but not limited to, great pain and suffering before his death, subjecting the Defendant to liability pursuant to 755 ILCs 5/27-6, the Illinois Survival Statute.

26. The decedent left surviving his son, Christopher Carroll, who has suffered and will continue to suffer emotional distress, mental suffering, companionship, loss of financial support, and other pecuniary injuries and burial expenses.

WHEREFORE, the Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, prays for judgment against the Defendant, JOSE A. BARCENAS, individually, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus costs, and any other relief this Court deems just.

## JURY DEMAND

Plaintiff, CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, hereby requests a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                      CHRISTOPHER CARROLL, as Special Administrator of the Estate of PAUL CARROLL, deceased, PLAINTIFF

                      By: /s/ Mohit Khare
                            Mohit Khare

Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com