UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CARROLL, as Special Administrator of the State of Paul Carroll, deceased, and PAUL CARROLL, deceased, | ) ) ) ) ) ) ) ) ) ) ) ) | 19 C 50140 |
| Plaintiffs, | | Judge Gary Feinerman |
| vs. | | |
| JOSE A. BARCENAS and BAY VALLEY FOODS, LLC, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Christopher Carroll (as special administrator of the Estate of Paul Carroll) and Paul Carroll brought this state law wrongful death suit against Jose A. Barcenas and Bay Valley Foods, LLC. Doc. 1. Three days later, the court gave Plaintiffs until July 1, 2019 to show cause why the case should not be dismissed for want of subject matter jurisdiction. Doc. 5.

The show cause order observed that although the complaint invoked the diversity jurisdiction, 28 U.S.C. § 1332(a), Doc. 1 at ¶ 6, it did not properly allege the citizenship of any party. Doc. 5. Specifically, the complaint alleged the residence, not the citizenship, of the three individual parties, and it alleged only the location the LLC defendant, Bay Valley Foods. Doc. 1 at ¶¶ 2-5. The court stated that Plaintiffs could discharge the show cause order by filing a Jurisdictional Addendum that properly alleged the citizenship of each party. Doc. 5. To point Plaintiffs in the right direction, the show cause order cited *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), which holds that an individual's citizenship, not residence, controls for diversity purposes, and *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007), which holds that the citizenship of an LLC is determined by the citizenship of its

1

members.  Doc. 5.  The show cause order warned that failure to comply would result in dismissal of this suit for want of subject matter jurisdiction.  *Ibid*.

Plaintiffs filed a Jurisdictional Addendum.  Doc. 7.  The addendum alleged the citizenship of the three individual parties.  *Id*. at ¶¶ 1-3.  As to the LLC defendant, however, the addendum alleged that Bay Valley Foods "is a limited liability corporation that is incorporated in the State of Illinois, and its principal place of business is located in the State of Illinois."  *Id*. at ¶ 4.  That is precisely the kind of allegation that the Seventh Circuit in *Thomas* explained was wrong—the citizenship of an LLC, unlike the citizenship of a corporation, *see* 28 U.S.C. § 1332(c)(1), is not the State under whose laws the LLC is organized and the State where the LLC's principal place of business is located, but rather every State of which any of the LLC's members is a citizen.  *See Thomas*, 487 F.3d at 534.  "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint … was filed, and, if those members have members, the citizenship of those members as well."  *Ibid*.

Rather than dismiss the case, the court gave Plaintiffs yet another chance, issuing an order stating that the Jurisdictional Addendum did not properly allege the citizenship of Bay Valley Foods.  Doc. 8.  Plaintiffs then filed a Second Jurisdictional Addendum, which alleged that Bay Valley Foods "is a limited liability company incorporated in Delaware and with its principal places of business in the States of Illinois and Texas," and thus "is a citizen of the States of Illinois, Texas, and Delaware."  Doc. 9 at ¶ 4.  For the third time, and for the second time since the show cause order's citation of *Thomas*, Plaintiffs failed to properly allege Bay Valley Foods's citizenship.

Plaintiffs have had three opportunities to properly allege diversity jurisdiction—in their complaint, in their Jurisdictional Addendum, and in their Second Jurisdictional Addendum—and

they will not be given a fourth. In *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57 (7th Cir. 1996), the parties failed in the jurisdictional statements of their appellate briefs, and then again in supplemental jurisdictional statements requested by the Seventh Circuit after the flaws in their jurisdictional statements were brought to their attention, to establish that the case fell within the diversity jurisdiction. *Id*. at 58-59. The parties' repeated failure led the Seventh Circuit to state: "There are two options: to dismiss immediately for lack of jurisdiction, and to call for yet another round of jurisdictional filings." *Id*. at 59. The Seventh Circuit chose the first option, reasoning:

> These lawyers knew what they had to do, and they did not do it. Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear.

*Ibid.*; *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 319-21 (7th Cir. 2002) (ordering the case dismissed for want of subject matter jurisdiction under similar circumstances); *Union Oil Co. of Cal. v. John Brown E&C*, 121 F.3d 305, 312 (7th Cir. 1997) (similar). Here, after Plaintiffs' complaint invoked the diversity jurisdiction but failed to properly allege the citizenship of Bay Valley Foods, the court *did* lead Plaintiffs "through a jurisdictional paint-by-numbers scheme," *Guaranty Nat'l*, 101 F.3d at 59, and Plaintiffs still failed to plead the requisites of federal jurisdiction. Under these circumstances, the appropriate disposition is to dismiss the suit for want of subject matter jurisdiction. *See Johnson v. Nat'l Asset Advisors, LLC*, __ F. App'x __, 2019 WL 2524255, at *2 (7th Cir. June 19, 2019) ("Once the possible defect in jurisdiction was identified, the parties had to demonstrate complete diversity of citizenship, and despite several chances to do so, they have failed.") (alteration omitted) (quoting *Meyerson*, 299 F.3d at 617) (collecting cases).

July 2, 2019

United States District Judge